**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Progressive Preferred Insurance Company, <br><br> Plaintiff, <br><br> v. <br><br> Ford Motor Company, et al., <br><br> Defendants. | No. CV-23-01552-PHX-SMM <br><br> **ORDER** |

Pending before the Court is Defendant Thor Motor Coach, Inc.'s Motion to Dismiss or Transfer Venue. (Doc. 6). For the following reasons, the Motion will be granted in-part and Plaintiff's express and implied warranty claims will be dismissed without prejudice.

**I.  BACKGROUND**

This is a products liability action arising out of the spontaneous combustion of a motor home manufactured by Defendant Thor Motor Coach, Inc. ("Thor"), which contained an engine manufactured by Defendant Ford Motor Co. ("Ford"). (Doc. 1-3 at 3). Plaintiff Progressive Preferred Insurance Co. ("Progressive") had issued a policy to Byron and Stephanie Crain ("the Crains") which required Progressive to indemnify the Crains for damage to their 2023 Thor Compass 23TW RV. (Id.) On November 5, 2022, the motor home spontaneously combusted. (Id.) Pursuant to the terms of Progressive's policy with the Crains, Progressive paid out $147,513.875 for damage sustained by the motor home. (Id.)

Progressive filed this suit against Thor and Ford in the Maricopa County Superior Court on July 7, 2023, bringing four causes of action: products liability, negligence, breach of express warranty, and breach of implied warranty. (Doc. 1-3 at 3–5). Ford filed an answer to Progressive's Complaint on July 27, 2023. (Doc. 1-3 at 22). Thor removed the action on the basis of diversity jurisdiction on August 2, 2023. (Doc. 1). On August 11, Thor filed a Motion to Dismiss or Transfer Venue pursuant to 28 U.S.C. § 1404(a), arguing that a Forum Selection Clause contained in the Warranty Agreement the Crains signed requires that Progressive's claims be brought in the alternative forum of Indiana. (Doc. 6). The Motion has been fully briefed. (Docs. 6, 9, 12). Defendant Ford has not taken a position on the Motion.

Thor contends that the Warranty Agreement signed by the Crains when the Crains purchased the subject motor home governs this action and vests exclusive jurisdiction over Progressive's claims in the courts of Indiana. (Doc. 6 at 3–4). The clause states, in relevant part, as follows:[1]

> [The Crains] understand that exclusive jurisdiction for deciding legal disputes relating to alleged breach of express warranty and implied warranties that arise by operation of law as well as those relating to representations of any nature must be filed in a state or federal court within the state of manufacture, which is Indiana.

(Doc. 9 at 4). The Warranty Agreement elsewhere required the Crains to agree that the Crains "understand and agree to the forum selection clause and choice of law clause set forth in the Thor Motor Coach Limited Warranty." (Doc. 6 at 2). The Warranty Agreement further provides that the Warranty "shall be interpreted and construed in accordance with the laws of the state of Indiana." (Doc. 9 at 4).

## II.   LEGAL STANDARD

Thor brings a motion to dismiss or transfer venue pursuant to § 1404(a) on the

---

[1] The Court notes a discrepancy in the parties' recitations of the forum selection clause. Thor's Motion sets forth the phrasing as "must be filed *in the courts,*" rather than "must be filed *in a state or federal court.*" (Doc. 6 at 2) (emphasis added). This discrepancy is minor, however, and does not impact the Court's analysis.

- 2 -

grounds that the forum selection clause requires Progressive's claims to be brought in Indiana. Section 1404(a) permits a district court to "transfer any civil action to any other district or division where it might have been brought or division to which all parties have consented." Ordinarily, a court considering a § 1404(a) motion should take into consideration the convenience of the parties as well as other public interest considerations. However, when the parties agree to a valid forum selection clause, enforcement of the clause "protects their legitimate expectations and further vital interests of the justice system." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33 (1988). As such, "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex., 571 U.S. 49, 62 (2013).

The interpretation and enforcement of forum selection clauses is governed by federal law in diversity actions. Manetti-Farrow, Inc., v. Gucci Am., Inc., 858 F.2d 509, 513 (9th Cir.1988). A forum selection clause is "'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances.'" Pelleport Inv., Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 279 (9th Cir. 1984) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)). A forum selection clause may be found unreasonable, and therefore invalid, if "1) The clause was the product of fraud, undue influence or overreaching; 2) Enforcement would deprive a party of his day in court; [or] 3) Enforcement would contravene a strong policy of the forum where the suit was brought." Rogers v. Wesco Prop., LLC, No. CV 09-08149-PCT-MHM, 2010 WL 3081352, at *7–8 (D. Ariz. Aug. 4, 2010) (citing Bremen, 407 U.S. at 12–13, 15, 18).

The Court applies federal contract law to interpret the scope of a forum selection clause. Yei A. Sun v. Advanced China Healthcare, Inc., 901 F.3d 1081, 1086 (9th Cir. 2018). When applying federal contract law, the Court considers first to the plain language of the contract. See Doe 1 v. AOL LLC, 552 F.3d 1077, 1081 (9th Cir. 2009) ("When we interpret a contract under federal law, we look for guidance 'to general principles for

interpreting contracts.") (overruled on other grounds). Accordingly, words will be given their common or normal meanings unless particular circumstances dictate a different conclusion. Hunt Wesson Foods., Inc. v. Supreme Oil Co., 817 F.2d 75, 77 (9th Cir. 1987).

### III. DISCUSSION

The parties dispute whether the forum selection clause in the Warranty Agreement mandates that Progressive's tort claims be brought in Indiana. Thor argues that the clause encompasses both contract and tort claims, creating exclusive jurisdiction over those claims in Indiana. (Doc. 12 at 1–3). Progressive concedes the application of the clause to Progressive's express and implied warranty claims but argues that the broad interpretation Thor seeks this Court to adopt would render the clause invalid. (Doc. 9 at 7–8). Progressive asks that the Court dismiss the express and implied warranty claims but retain jurisdiction over the tort claims. (Id. at 2–3). The Court dismisses Progressive's warranty claims and finds that Progressive's tort claims are outside of the scope of the forum selection clause; thus, this Court's jurisdiction over those claims is proper.

The relevant part of the forum selection clause for this portion of the analysis provides that "legal disputes relating to alleged breach of express warranty and breach of implied warranties . . . as well as those relating to representations of any nature" must be filed in Indiana. (Doc. 9 at 4). The warranty's choice of law clause provides that Indiana law applies to any and all causes of action "arising out of or relating to" the Warranty Agreement. (Id.) The Warranty Agreement additionally states that "this limited warranty shall be interpreted and construed in accordance with the laws of the State of Indiana." (Id.)

Because the Warranty Agreement's forum selection clause identifies specific causes of action, general contract interpretation principles do not suffice to resolve the issue at hand. The Court thus looks to Indiana law as per the Warranty Agreement's interpretation clause. Indiana law makes clear that the claims identified in the forum selection clause can only be brought in contract. In some states, breach of express or

implied warranty claims, as well as misrepresentation claims, may be brought as tort claims or as contract claims. In Indiana, however, the field of products liability is governed by statute. The Indiana Product Liability Act (IPLA) "governs all actions that are: (1) brought by a user or consumer; (2) against a manufacturer or seller; and (3) for physical harm caused by a product." Ind. Code § 34-20-1-1. Warranty and misrepresentation claims brought under a tort theory are subsumed by the IPLA. See Palm v. Taurus Int'l Mfg., Inc., No. 3:22-CV-337 DRL-MGG, 2022 WL 17714600, at *4 (N.D. Ind. Dec. 15, 2022); see also Bayer Corp. v. Leach, 153 N.E.3d 1168, 1178 (Ind. Ct. App. 2020). Accordingly, breach of express or implied warranty claims and misrepresentation claims can only be maintained under contract theories in Indiana.

Thor argues that Progressive's tort claims "arise from or relate to" the contract claims identified in the forum selection clause because the contract and tort claims require analyzing whether Thor breached its warranties. (Doc. 12 at 3). Thor frames the analysis as whether resolution of the tort claims relates to contract interpretation. (Id. at 2). Thor cites Manetti-Farrow for this proposition, in which the Ninth Circuit reasoned that "[w]hether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract." 858 F.2d at 514. The Court found that the tort claims in that case could not "be adjudicated without analyzing whether the parties were in compliance with the contract," and so the claims fell within the scope of the forum selection clause Id.

If the Court were to apply this analytical framework, the Court would find Progressive's tort claims to be outside the scope of the forum selection clause because those tort claims do not require interpretation of the Warranty Agreement. In Indiana, Products liability tort claims must be brought under the Indiana Products Liability Act, which requires no finding of privity between the parties. See Ind. Code § 34-20-2-2(2) (claims apply although "the user or consumer has not bought the product from or entered into any contractual relation with the seller."). In short, although a product defect is a necessary finding for the tort claims, a contract between the parties is not.

However, the Ninth Circuit in Manetti-Farrow construed a forum selection clause which is distinct in several respects from the clause now before the Court. The clause in Manetti-Farrow created exclusive jurisdiction in another country over "any controversy regarding interpretation or fulfillment of the present contract." 858 F.2d at 511. By contrast, the Warranty Agreement's forum selection clause includes claims which "relate to" the enumerated claims. The Ninth Circuit has held that, where a clause instead uses the language that the dispute must "relate to" the agreement between the parties, "[t]he dispute need not grow out of the contract or require interpretation of the contract in order to relate to the contract." Yei A. Sun, 901 F.3d at 1086. Instead, the court found that the phrase "relating to" encompassed "any dispute that has some logical or causal connection to the parties' agreement." Id.

The matter is further complicated by the fact that the forum selection clause in the Warranty Agreement identifies specific claims, and thus only creates exclusive jurisdiction in Indiana over legal disputes relating to those claims. Whereas the forum selection clauses considered in cases such as Yei A. Sun applied to disputes relating to the contract as a whole, the forum selection clause in Thor's Warranty Agreement applies only to disputes relating to breach of warranties and representations. Compare Yei A. Sun, 901 F.3d at 1085, with Doc. 9 at 4.

Accordingly, the proper analysis is whether Progressive's tort claims have "some logical or causal connection to" the enumerated claims in the forum selection clause. See 901 F.3d at 1086.

In the context of a qui tam action brought by a relator against the relator's employer, the Ninth Circuit found that an arbitration clause contained in the relator's employment contract did not apply because the False Claims Act claims did not "relate to" the relator's employment. See United States ex rel. Welch v. My Left Foot Children's Therapy, LLC, 871 F.3d 791, 799 (9th Cir. 2017). The clause provided, in part, that "[t]o the extent permitted by applicable law, the arbitration procedures stated below shall constitute the sole and exclusive method for the resolution of any claim between the

1 Company and Employee arising out of 'or related to' the employment relationship." Id. at 798. The defendant in My Left Foot moved to compel arbitration on the basis of the employment agreement. Id. at 795. The Ninth Circuit held that the clause was not binding on the relator's claims, finding that the FCA suit had "no direct connection with [the relator's] employment because even if [the relator] 'had never been employed by defendants, assuming other conditions were met, she would still be able to bring a suit against them.'" Id. (quoting Mikes v. Strauss, 889 F. Supp. 746, 754 (S.D.N.Y. 1995)). The court found that the defendants "could have engaged in the same fraudulent conduct absent any relationship with [the relator]," and so it was the defendants' acts, rather than the relator's employment, which gave rise to the FCA claims. Id.

Although My Left Foot involved an arbitration clause, the Court finds the Ninth Circuit's opinion to be instructive. As discussed above, Progressive's products liability and tort claims are subsumed by the IPLA, which does not require privity between the manufacturer or seller and the party claiming damages. See Ind. Code § 34-20-2-2. Progressive could bring the tort claims in the absence of any agreement between Thor and the Crains; thus, it is Thor's actions, rather than the Warranty Agreement, which gives rise to Progressive's products liability claims. The Warranty Agreement bears no "logical or causal connection" to Progressive's products liability tort claims. See Yei A. Sun, 901 F.3d at 1086. Accordingly, the Court finds that Progressive's tort claims do not relate to the Warranty Agreement or the contract claims listed therein.

### IV.   CONCLUSION

The Court finds that Progressive's express and implied warranty claims against Thor must be brought in Indiana and dismisses those claims without prejudice. Progressive is entitled to re-raise those claims against Thor in Indiana pursuant to the Warranty Agreement's forum selection clause. Progressive's tort claims against Thor, however, are outside the scope of the forum selection clause and so those claims may be maintained in this Court.

Accordingly,

1   **IT IS ORDERED granting in-part and denying in-part** Defendant Thor's
2   Motion to Dismiss or Transfer Venue. (Doc. 6).
3   **IT IS FURTHER ORDERED dismissing without prejudice** Plaintiff's express
4   and implied warranty claims against Thor.
5   **IT IS FURTHER ORDERED denying** Defendant Thor's Motion to Dismiss as
6   to Plaintiff's tort claims.
7   Dated this 22nd day of January, 2024.

_____
Honorable Stephen M. McNamee
Senior United States District Judge